IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RHONDA MCADORY-CONNER, | |
| Plaintiff, | CIVIL ACTION FILE NO. |
| v. | 1:18-CV-00768-TWT-JFK |
| MR. COOPER, | |
| Defendant. | |

## FINAL REPORT AND RECOMMENDATION

The above-styled case is presently before the court on a motion [Doc. 7] to dismiss filed by Nationstar Mortgage LLC d/b/a Mr. Cooper ("Nationstar"). Defendant's motion is brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. [Id.]. Plaintiff Rhonda McAdory-Conner filed a response [Doc. 11] in opposition to the motion to dismiss, and Defendant filed a reply brief [Doc. 13].

## I.    Facts

The pertinent facts are drawn from the complaint and the exhibits properly before the court on the motion to dismiss as well as from the proceedings previously conducted in this court pertaining to the same mortgage and foreclosure.[1] On a Rule

---

[1]The complaint includes a number of conclusory allegations and citations to legal treatises and other materials that are not appropriate for inclusion in a complaint and will not be set forth in the following statement of facts. See Moore v. McCalla Raymer, LLC, 916 F. Supp. 2d 1332, 1342 (N.D. Ga. 2013) ("The complaint contains

12(b)(6) motion to dismiss, if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d) (as amended 2009).  However, the court may consider documents referred to in the complaint which are central to the plaintiff's case and not disputed.  See Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002) (citations omitted); Brooks v. Blue Cross and Blue Shield of Florida, Inc., 116 F.3d 1364, 1369 (11th Cir. 1997) (citation omitted).  "'Undisputed' in this context means that the authenticity of the document is not challenged." Horsley, 304 F.3d at 1134 (citation and internal quotation marks omitted).  The court may also "take judicial notice, see Fed. R. Evid. 201, of certain documents attached to a motion to dismiss, . . . includ[ing] public filings . . . [and] public records" without converting the motion to one for summary judgment.  Harford v. Delta Air Lines, Inc., 2008 WL 268820, at *2 (N.D. Ga. January 30, 2008) (citations omitted).  Attached to the motion to dismiss are

---

whole paragraphs of legal argument, quotations, and citations which have no place in a complaint.") (citing Chevy Chase Bank, F.S.B. v. Carrington, 2010 WL 745771, at *4 (M.D. Fla. March 1, 2010) ("Huge swaths of the Amended Third Party Complaint are improper irrespective of their relevance, consisting of lengthy legal arguments, case citations, and quotations from treatises–material proper in legal memoranda, but almost never proper in a complaint.")).  In fact, the bulk of the complaint is a confusing jumble of information - not a recitation of facts pertinent to this proceeding - that is non-compliant with Fed. R. Civ. P. 8 and 10.

AO 72A

(Rev.8/8

2)

publicly recorded documents pertaining to the property at issue in this case. [Docs. 7-2, Exhibit ("Exh.") 1 ("Security Deed"); 7-3, Exh. 2 ("Loan Modification Agreement"); 7-4, Exh. 3 ("Assignment")]. In addition to the filings in prior litigation, the court has considered these documents in evaluating Defendant's motion.

On June 22, 2007, Terrance Conner obtained a mortgage loan for $296,463.00 from Dunwoody Mortgage Services, LLC ("DMS"), secured by property located at 641 Langley Farm Drive, Loganville, Georgia 30052 ("the Property"), as evidenced by a Security Deed in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for DMS and its successors and assigns, granting MERS a first priority security interest in the Property to secure Mr. Conner's indebtedness under the note.[2] [Security Deed]. The Security Deed provided that Mr. Conner granted MERS,

---

[2]At various times in the complaint, Plaintiff McAdory-Conner summarily asserts, for example, that "Plaintiff" is the "homeowner" [Doc. 1-1 ("Complt.") ¶ 7], that "Plaintiff's Note and Security Deed" and "Plaintiff's loan" are at issue [Id. ¶¶ 61, 62], that Plaintiff received a "Constructive Security Deed" [Id. ¶¶ 68, 69], and that "Plaintiff is the record title holder of the Property" [Id. ¶ 150]. However, as will be set forth more fully *infra*, Plaintiff is simply attempting to place herself in the position of Terrance Conner and none of the recorded documents pertaining to the property at issue reflect that Plaintiff McAdory-Conner has any legal interest in the Property or obligations under the mortgage underlying the claims in this case. Accordingly the court is not required to accept as true Plaintiff's allegations. See Taylor v. Conexis, 2012 WL 1805496, at *2 (M.D. Fla. May 17, 2012) ("Where the allegations of the complaint are contradicted by exhibits, the plain meaning of the exhibits controls.") (citing Griffin Industries, Inc. v. Irvin, 496 F.3d 1189 (11th Cir. 2007)).

3

as nominee for the lender and the lender's successors and assigns, and MERS' successors and assigns, power of sale of the Property. [Id.]. The Loan was modified on April 4, 2009, [Loan Modification Agreement], and, on December 2, 2010, MERS assigned the Security Deed to Nationwide [Assignment]. Mr. Conner defaulted on the loan, and he has filed multiple lawsuits in an effort to prevent foreclosure.[3]

On August 8, 2012, Mr. Conner, proceeding *pro se*, filed a complaint against Defendant Nationstar and others in the Superior Court of Gwinnett County, asserting claims similar, if not identical, to those made in this case arising from efforts to foreclose on his property. See Civil Action No. 1:13-CV-00173-SCJ ("Conner I"), Docs. 1-1 through 1-3. The defendants in that case removed the action to this Court on January 17, 2013, (Conner I, Doc. 1), and moved to dismiss the complaint (Id., Doc. 3). Mr. Conner amended his complaint (Id., Doc. 6), and after the defendants moved to dismiss (Id., Doc. 8), Mr. Conner moved to voluntarily dismiss his complaint without prejudice (Id., Doc. 9). The Court granted the motion on May 30, 2013. (Id., Doc. 10). On December 16, 2013, Mr. Conner filed a second action in the Superior Court of Gwinnett County against Defendant Nationstar, again asserting claims against

---

[3]With the permission of Magistrate Judge Clay Fuller, the court has drawn extensively from the report and recommendation he prepared in the last case filed by Mr. Conner, referenced *infra*.

AO 72A
(Rev.8/8
2)

Defendant arising from its efforts to foreclose on his property.  <u>See</u> Civil Action No. 1:14-CV-00017 ("Conner II"), Doc. 1-1.  Defendant removed that action to this Court on January 3, 2014, (<u>Id.</u>, Doc. 1), and moved to dismiss it for failure to state a claim on which relief can be granted (<u>Id.</u>, Doc. 4).  On March 31, 2014, Magistrate Judge Fuller recommended that the case be dismissed with prejudice for failure to state a claim.  (<u>Id.</u>, Doc. 14).  Before the report and recommendation could be considered by the District Judge, Mr. Conner voluntarily dismissed the case pursuant to Fed. R. Civ. P. 41(a)(1)(i).[4]  (Conner II, Doc. 16).

On August 6, 2014, Mr. Conner filed another case in the Superior Court of Gwinnett County, once again concerning the same property in another attempt to further delay the foreclosure of his property.  <u>See</u> Civil Action No. 1:14-CV-02871 ("Conner III"), Doc. 1-1.  The claims in that case were not only extremely similar to the initial complaint filed in the previous two cases, the entire complaint was practically indistinguishable from the amended complaint (Conner I, Doc. 6) filed in the first case.  On September 5, 2014, Defendant removed that case to this Court (Conner III, Doc. 1) and then moved to dismiss it (<u>Id.</u>, Doc. 4).  Magistrate Judge

---

[4]Because Mr. Conner had previously dismissed a complaint "based on or including the same claim" as alleged in Conner II, his "notice of dismissal operate[d] as an adjudication on the merits."  Fed. R. Civ. P. 41(a)(1)(B).

AO 72A
(Rev.8/8
2)

Fuller recommended that the case be dismissed (Id., Doc. 13), but once again, before the Report and Recommendation could be adopted, Plaintiff filed a voluntary dismissal of his case (Id., Doc. 15) which the clerk approved (Id., Doc. 16).[5]  On December 17, 2015, Mr. Conner filed yet another complaint in the Superior Court of Gwinnett County.  See Civil Action No. 1:16-CV-00112-SCJ ("Conner IV"), Doc. 1-1 at 3-24. Defendant removed that case to this Court on January 13, 2016, (Conner IV, Doc. 1), and moved to dismiss it, basically reasserting the same arguments which had been employed successfully to secure the recommendation of dismissal of Conner III (Id., Doc. 4).  Magistrate Judge Fuller issued a Report and Recommendation on April 28, 2016, recommending that Defendant's motion be granted and that Mr. Conner's complaint be dismissed with prejudice because it was barred by res judicata and failed to state a claim on which relief can be granted.  (Id., Doc. 14).  The District Judge adopted that recommendation and dismissed Plaintiff's complaint with prejudice on June 24, 2016.  (Id., Doc. 18).  The District Judge also advised Mr. Conner

> that any future complaints filed regarding the mortgage at issue in this case (relating to the property located at 641 Langley Farm Drive, Loganville, Georgia 30052), either originating in this Court or properly

---

[5]Plaintiff described the dismissal as "without prejudice" but such a dismissal as noted *supra* operates as an adjudication on the merits and is a dismissal with prejudice. Fed. R. Civ. P. 41(a)(1)(B).

AO 72A
(Rev.8/8
2)

removed by a defendant to this Court, will likely result in the imposition of sanctions, possibly including monetary sanctions and that he be required to post a bond prior to presenting any lawsuit.

(Id. at 4).

Undeterred by that warning, Mr. Conner filed a fifth action, see Civil Action No. 1:17-CV-03112-SCJ ("Conner V"), Doc. 1-1, in the Superior Court of Gwinnett County on July 18, 2017, again asserting claims related to the same property at issue in his previous four lawsuits and seeking to restrain and enjoin any future foreclosure sales of his property.  (Id., Doc. 1-1).  On July 28, 2017, the Superior Court denied Plaintiff's motion for a temporary restraining order finding that Plaintiff "has failed to do equity by failing to tender amounts admittedly due to the Defendant" and directing that "Defendant may proceed with any and all rights they have under the Security Deed and Assignment, including, without limitation, to conducting a non-judicial foreclosure sale of the Property."[6] (Id., Doc. 1-1 at 44-45).  Defendant removed the action to this Court on August 16, 2017, (Id., Doc. 1), and moved to dismiss Mr. Conner's Complaint (Id., Doc. 4).   The motion was not opposed.  On October 26, 2017, Magistrate Judge Fuller issued a Report and Recommendation that the complaint be

---

[6]The non-judicial foreclosure sale occurred on February 6, 2018.  [Doc. 1-1 at 2].

7

dismissed (Id., Doc. 10), and the District Judge adopted the report and recommendation dismissing all of the claims in the complaint with prejudice (Id., Doc. 12).[7]

After dismissal of the fifth complaint filed by Mr. Conner, Plaintiff Rhonda McAdory-Conner, presumably his spouse, filed the instant complaint naming Mr. Cooper as Defendant in the Superior Court of Gwinnett County on January 19, 2018. [Complt.]. With the exception of substituting Plaintiff McAdory-Conner as "Plaintiff" and Mr. Cooper as "Defendant," the complaint is practically identical to the Conner V complaint and asserts causes of action for (1) lack of standing and attempted unlawful foreclosure, (2) fraud in the concealment,[8] (3) fraud in the inducement, (4) unconscionable contract, (5) breach of contract, (6) breach of fiduciary duty, (7) slander of title, (8) temporary restraining order and injunctive relief,[9] and (9)

---

[7]See Conner v. Nationstar Mortg. LLC, 2017 WL 8186851 (N.D. Ga. October 26, 2017), report and recommendation adopted by 2017 WL 8186839 (N.D. Ga. November 17, 2017).

[8]As true in Conner V, the court notes that Plaintiff apparently attempts to name a non-party, DMS, the original lender, as a defendant in this count, as well as in counts three through six.

[9]The District Judge denied Plaintiff's request for injunctive relief as moot noting that the non-judicial foreclosure sale occurred on February 6, 2018. [Doc. 2].

8

declaratory relief.  (Conner V, Doc. 1-1; Complt.).  On February 21, 2018, Nationstar Mortgage LLC d/b/a Mr. Cooper filed a notice of removal [Doc. 1], and on February 26, 2018, filed the instant motion to dismiss [Doc. 7].  Plaintiff does not acknowledge the previously filed complaints by Mr. Conner nor the repeated dismissals of prior complaints much less District Judge Jones' admonition regarding filing further claims regarding the Property.  Plaintiff, likewise, does not assert any allegations of fact associating herself with the Security Deed and/or Note, the Loan Modification Agreement or the Assignment; instead, as a simple comparison of the Conner V complaint and the instant complaint readily establishes, Plaintiff merely reproduced the previously dismissed complaint substituting Mr. Cooper for Nationstar and herself for Terrance Conner but, with respect to the latter substitution, sometimes forgetting to correct pronouns from "he" to "she" in doing so.  [Complt. ¶¶ 57, 61, 160, 180].

Additional facts will be set forth below as they become necessary for discussion of Plaintiff's claims.

## II.    Standard of Review

On a motion to dismiss under Rule 12(b)(6), the complaint's factual allegations are assumed true and construed in the light most favorable to the plaintiff.  <u>Hardy v. Regions Mortg., Inc.</u>, 449 F.3d 1357, 1359 (11th Cir. 2006); <u>M.T.V. v. DeKalb County</u>

9

AO 72A

(Rev.8/8 2)

School Dist., 446 F.3d 1153, 1156 (11th Cir. 2006). "However, conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002) (citations omitted). The Federal Rules of Civil Procedure include no requirement that a plaintiff detail the facts upon which the plaintiff bases a claim. Rule 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (as amended 2007).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted); accord Financial Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282-83 (11th Cir. 2007) (recognizing that "while notice pleading may not require that the pleader allege a specific fact to cover every element or allege with precision each element of a claim, it is still necessary that a complaint contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory")

AO 72A
(Rev.8/8
2)

(citations and internal quotation marks omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level," i.e., they must do more than merely create a "'suspicion [of] a legally cognizable right of action,' on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 127 S. Ct. at 1965 (citations omitted) (emphasis omitted).  "Stated differently, the factual allegations in a complaint must 'possess enough heft' to set forth 'a plausible entitlement to relief[.]'" Stephens, 500 F.3d at 1282 (quoting Twombly, 127 S. Ct. at 1966-67).  A plaintiff's complaint will be dismissed if it does not contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citation omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The court's inquiry at this stage of the proceedings focuses on whether the challenged pleadings "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citations and internal quotation marks omitted).  And, a court reviewing a motion to dismiss must keep in mind that a "motion to dismiss for failure to state a claim upon which relief can be granted merely tests the sufficiency of the complaint; it does not

11

decide the merits of the case." <u>Wein v. American Huts, Inc.</u>, 313 F. Supp. 2d 1356, 1359 (S.D. Fla. 2004) (citing <u>Milburn v. United States</u>, 734 F.2d 762, 765 (11th Cir. 1984)). "Regardless of the alleged facts, however, a court may dismiss a complaint on a dispositive issue of law." <u>Bernard v. Calejo</u>, 17 F. Supp. 2d 1311, 1314 (S.D. Fla. 1998) (citing <u>Marshall County Bd. of Educ. v. Marshall County Gas Dist.</u>, 992 F.2d 1171, 1174 (11th Cir. 1993) ("[T]he court may dismiss a complaint . . . when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action.")); <u>see also</u> <u>Glover v. Liggett Group, Inc.</u>, 459 F.3d 1304, 1308 (11th Cir. 2006) (same); <u>Aque v. Home Depot U.S.A., Inc.</u>, 629 F. Supp. 2d 1336, 1350 (N.D. Ga. 2009).

The law establishes that "[a] document filed *pro se* is 'to be liberally construed' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]'" <u>Erickson</u>, 127 S. Ct. at 2200 (citations omitted). Nevertheless, nothing in that leniency excuses a plaintiff from compliance with threshold requirements of the Federal Rules of Civil Procedure. "Even though a *pro se* complaint should be construed liberally, a *pro se* complaint still must state a claim upon which the Court can grant relief." <u>Grigsby v. Thomas</u>, 506 F. Supp. 2d 26, 28 (D. D.C. 2007).

AO 72A

(Rev.8/8
2)

The court will apply these standards in ruling on Defendant's motion [Doc. 7] to dismiss the complaint.

## III.   Discussion

Defendant Nationstar first argues that Plaintiff McAdory-Conner's complaint should be dismissed because she lacks standing to bring any claims related to the mortgage loan or Security Deed.  [Doc. 7 at 7-8].  Rule 17(a) of the Federal Rules of Civil Procedure provides, in part: "An action must be prosecuted in the name of the real party in interest."  Fed. R. Civ. P. 17(a)(1) (as amended 2007).  Defendant correctly argues that the complaint does not allege facts indicating that Plaintiff has a contractual relationship with Defendant that would entitle her to relief.  Therefore, Defendant contends that Plaintiff is not a real party in interest with rights to assert claims under the loan.  [Id.].  Defendant also contends, as found by Magistrate Judge Fuller in Conner V, that all of the claims alleged in the complaint are barred by the doctrines of res judicata and collateral estoppel.  Defendant then addresses Plaintiff's specific claims and offers a number of reasons why the court should dismiss each of these claims.  [Id. at 8-36].  The court agrees with Defendant and concludes that Plaintiff's complaint cannot survive the motion to dismiss; however, the court need

AO 72A
(Rev.8/8
2)

only address Defendant's first two issues, (1) Plaintiff's standing to bring these claims and (2) doctrine of res judicata.[10]

### a.      Plaintiff's Lack of Standing

As the complaint alleges, Plaintiff McAdory-Conner's present action against Defendant involves real property located at 641 Langley Farm Drive, Loganville, Georgia 30052.  [Complt.].  Mr. Conner, presumably Plaintiff's spouse, obtained a mortgage loan from DMS on June 22, 2007, secured by a note on the Property.  [Security Deed].  Plaintiff does not allege - nor does any recorded documentation establish - that she was a borrower on the loan or that she assumed the loan on the subject property.  To secure repayment of the loan, Mr. Conner executed a Security Deed for the property in favor of MERS as nominee for DMS, which was recorded in the Gwinnet County records on July 25, 2007.  [Id.].  The complaint does not assert

---

[10]Plaintiff did not address Defendant's standing, res judicata or collateral estoppel arguments in her response leaving the arguments unopposed.  [Doc. 11].  However, the court has discretion to consider the merits of Defendant's arguments rather than granting the motion as to these arguments as unopposed.  See, e.g., Tobias v. Georgia Dept. of Corrections, 2009 WL 255632, at *1 (N.D. Ga. February 3, 2009) (recognizing that local rule allowed for granting of unopposed motion to dismiss, court nonetheless considered merits of motion).  The court also notes that, much like the complaint filed in this case, Plaintiff McAdory-Conner, with minor variations, simply copied the response Terrance Conner filed to Defendant's motion to dismiss in Conner III.  [Conner III, Doc. 8].

AO 72A
(Rev.8/8
2)

facts supporting a reasonable inference that Plaintiff executed the Security Deed or ever became a party to the Security Deed.  Besides the very apparent simple substitution of Plaintiff McAdory-Conner for Terrance Conner as the named plaintiff, Plaintiff makes no non-conclusory allegations regarding her - not Terrance Conner's - legal relationship to the Property or the mortgage on the Property.  [Complt.].[11]  The properly considered recorded documents refute Plaintiff's thread-bare allegations.  See Taylor, 2012 WL 1805496, at *2.

Article III limits the power of federal courts to the adjudication of actual "cases" and "controversies."   U.S. Const. art. III, § 2. To demonstrate the "irreducible constitutional minimum" for Article III standing, a litigant must show three elements. "First, the plaintiff must have suffered an injury in fact - an invasion of a legally protected interest which is (a) concrete and particularized, . . . and (b) actual or imminent, not conjectural or hypothetical . . . .   Second, there must be a causal connection between the injury and the conduct complained of . . . .   Third, it must be

---

[11]Likewise, the loan modification document recorded in the Gwinnett County records on June 9, 2009, [Loan Modification Agreement], and the assignment recorded on December 16, 2010, [Assignment], make no reference to Plaintiff's involvement in the loan at issue.  And nowhere in the five prior complaints removed to this Court is there any allegation that Plaintiff McAdory-Conner has any interest in the loan or mortgage involved in this litigation.

15

likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Lujan v. Defenders of Wildlife, 112 S. Ct. 2130, 2136 (1992) (citations and internal quotation marks omitted); and see Johnson v. Ocwen Loan Servicing, 374 Fed. Appx. 868, 873 (11th Cir. 2010) (same). "'In essence the question of [Article III] standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues.'" Wright v. Dougherty County, Georgia, 358 F.3d 1352, 1355 (11th Cir. 2004) (quoting Warth v. Seldin, 95 S. Ct. 2197, 2205 (1975)). If the litigant cannot demonstrate Article III standing, the court lacks subject matter jurisdiction to review the plaintiff's claims. Plaintiff McAdory-Conner does not have standing to bring the claims asserted in the complaint all of which arise out of the Security Deed, Note and Assignment and foreclosure related to Terrance Conner's mortgage on the Property.

As held by the court in Johnson, Plaintiff McAdory-Conner's "complaint fails to establish Article III standing, because [Plaintiff] was not a borrower or otherwise obligated on the . . . loan and, therefore, did not suffer an injury-in-fact." Johnson, 374 Fed. Appx. at 873. The court in Payne v. Albertelli Law LLC, 2017 WL 2903359 (N.D. Ga. April 17, 2017), report and recommendation adopted by 2017 WL 2909419 (N.D. Ga. June 12, 2017), correctly noted that "[t]o assert a claim for wrongful

16

foreclosure under Georgia law, a plaintiff must 'establish a legal duty owed to it by the foreclosing party, a breach of that duty, a causal connection between the breach of that duty and the injury it sustained, and damages[,]'" Id., at *9 (quoting Heritage Creek Dev. Corp. v. Colonial Bank, 268 Ga. 369, 371, 601 S.E.2d 842, 844 (2004), which "precludes a stranger to the note and security deed from pursuing claims for wrongful foreclosure[, or for related claims,] on the property securing the loan[,]" Id. (listing cases).[12] The facts in this case undeniably establish that "at the time the security deed was created, [Plaintiff] had no cognizable legal interest in the property." Gregorakos v. Wells Fargo Nat'l Ass'n, 285 Ga. App. 744, 748, 647 S.E.2d 289, 292 (2007). Furthermore, regarding Plaintiff's claims arising out of contract, that is, the Security Deed, "one not in privity of contract with another lacks standing to assert any claims arising from violations of the contract[.]" Farris v. First Financial Bank, 313 Ga. App. 460, 463, 722 S.E.2d 89, 93 (2011) (citation and internal quotation marks omitted).[13]

---

[12]The court in Payne further noted that while the plaintiff may reside at the property, "any suggestion that she owns the Property or is a party to the Loan is belied by the security deed attached to the complaint . . . ." Id.

[13]Additionally, although not alleged as a cause of action, the complaint makes reference to alleged violations of the Fair Debt Collection Practices Act ("FDCPA") and the Real Estate Settlement Procedures Act ("RESPA"). [Complt. ¶¶ 52-59]. Even if properly alleged as causes of action in the complaint, Plaintiff lacks standing to bring these claims. These statutes protect "consumers" and "borrowers" from deceptive

AO 72A
(Rev.8/8
2)

In light of these facts, the court finds that the complaint does not allege facts raising a reasonable inference that Defendant owed a legal duty to Plaintiff with regard to the Security Deed, the mortgage loan or the foreclosure proceedings.  And see Boakye-Sankwa v. CitiMortgage, Inc., 2015 WL 12434312, at *1 (N.D. Ga. September 11, 2015) (being a stranger to the loan, the plaintiff lacks "standing to bring a wrongful foreclosure action").

For these reasons, the court recommends finding that there is a lack of subject matter jurisdiction over the claims set forth in the complaint requiring dismissal.

**b.     Res Judicata and Collateral Estoppel**

The second issue raised by Defendant that the court will address is the argument that Plaintiff's claims are barred by the doctrines of res judicata and/or collateral estoppel. [Doc. 8-11].  "The purpose behind the doctrine of res judicata is that the 'full and fair opportunity to litigate protects [a party's] adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions.'" Ragsdale

---

actions by creditors and ensure proper disclosures.  See Johnson, 374 Fed. Appx. at 874.  However, for the same reasons set forth *supra*, Plaintiff McAdory-Conner was not a "consumer" or a "borrower" with respect to the mortgage loan or note on the Property and lacks standing under these statutes.  Id.; and see Payne, 2017 WL 2903359, at *10.

AO 72A
(Rev.8/8
2)

v. Rubbermaid, Inc., 193 F.3d 1235, 1238 (11th Cir. 1999) (quoting Montana v. United States, 99 S. Ct. 970, 973-74 (1979)); accord Maldonado v. U.S. Attorney General, 664 F.3d 1369, 1375 (11th Cir. 2011). "The doctrine of *res judicata* applies if the following four elements are present: (1) there is a final judgment on the merits of the first action; (2) the first decision was rendered by a court of competent jurisdiction; (3) the parties to both actions, or those in privity with them, are identical[;] and (4) the causes of action in both suits are identical, or the claims asserted in both suits arise out of the same events or the same nucleus of facts."   Brown v. SunTrust Bank, 2014 WL 4925719, at *6 (N.D. Ga. September 30, 2014) (citations omitted). "Significantly, *res judicata* does not bar only those claims actually raised in the first suit; it also bars those claims which the plaintiff *could* have raised in the prior suit, if those claims arise out of the same transactions or events at issue in the prior suit."   Id. (citation omitted) (emphasis in original); see also Redford v. Gwinnett County Judicial Circuit, 350 Fed. Appx. 341, 344 (11th Cir. 2009) ("*Res judicata* applies not only to the precise legal theory presented in the prior case, but to all legal theories and claims arising out of the same nucleus of operative fact.").

"Collateral estoppel, on the other hand, precludes relitigation of issues actually litigated and necessary to the outcome of the first action[,]" Garrett v. Life Ins. Co. of

19

Georgia, 221 Ga. App. 315, 317, 471 S.E.2d 262, 264 (1996) (citation and internal quotation marks omitted), but "is not limited to actions between the same parties and their privies[,]" McCulley v. Bank of America, N.A., 605 Fed. Appx. 875, 878 (11th Cir. 2015) (citing Hart v. Yamaha-Parts Distribs., Inc., 787 F.2d 1468, 1473 (11th Cir. 1986) ("A defendant who was not a party to the original action may invoke collateral estoppel against the plaintiff.")).  The "party seeking to apply the doctrine of collateral estoppel must establish: (1) the issue at stake is identical to one involved in the prior litigation; (2) the issue was actually litigated in the prior litigation; (3) the determination of the issue must have been a critical and necessary part of the judgment in the prior litigation; and (4) the party *against whom* collateral estoppel is asserted must have had a full and fair opportunity to litigate the issue in the prior litigation." Id. at 877-78 (emphasis added).  Because the court finds that the doctrine of res judicata bars Plaintiff's claims, the court will not discuss in detail the related doctrine of collateral estoppel.

With respect to the doctrine of res judicata, Magistrate Judge Fuller's report and recommendation adopted by the District Judge in Conner V fully addresses, as relates

AO 72A
(Rev.8/8
2)

to the instant litigation, three of the elements required for a finding that res judicata

bars this litigation.[14]  As Magistrate Fuller stated,

> The undersigned finds that all of the elements for the application of res judicata are met.  First, a final judgment on the merits was reached in Conner II, Conner III, and Conner IV.  Because Conner voluntarily dismissed Conner I, his voluntary dismissals in Conner II and III, cases which were "based on or including the same claim" as in Conner I, "operate[d] as an adjudication on the merits."  Fed. R. Civ. P. 41(a)(1)(B).  This is commonly referred to as the "two-dismissal rule" and adjudication is ripe under Rule 41(a)(1)(B) "upon the filing of the third action."  Captiva RX, LLC v. Daniels, No. 5:14-CV-265 (MTT), 2014 U.S. Dist. LEXIS 150720, at *7 (M.D. Ga. Oct. 23, 2014). Moreover, the Court dismissed Conner IV on the merits, finding that the complaint was barred by res judicata and that it failed to state a claim on which relief can be granted.

> The second element of res judicata is met as the previous dismissals were issued by this Court, which is considered a "court of competent jurisdiction." Swindell v. Fla. E. Coast Ry. Co., 178 Fed. Appx. 989, 991 (11th Cir. 2006). . . .

> And, the fourth element is satisfied as in all five of these cases, Conner challenges Nationstar's interest in the subject property and right to foreclose pursuant to the Security Deed. "In comparing this action and the prior actions, it is clear they arise from the same subject matter and nucleus of operative fact" because these lawsuits involve Conner's

---

[14]To determine whether the doctrines of res judicata and/or collateral estoppel are applicable in this case, this court may take judicial notice of court orders in any prior litigation "for the limited purpose of recognizing the judicial action taken or the subject matter of the litigation[.]" Tuscano v. Evening Journal Ass'n, 179 Fed. Appx. 621, 623 n.3 (11th Cir. 2006) (citing Young v. City of Augusta, Ga. Through DeVaney, 59 F.3d 1160, 1166 n.11 (11th Cir. 1995)).

21

AO 72A

(Rev.8/8
2)

mortgage loan, Nationstar's efforts to enforce its interest in the property by virtue of the Security Deed securing that loan, "and the rights and obligations of the parties involved." Reynolds v. JPMorgan Chase Bank, N.A., No. 5:13-CV-440 (MTT), 2014 U.S. Dist. LEXIS 4503, at *15 (M.D. Ga. Jan. 14, 2014); see also McGrue v. Saxon Mortg. Servs., No. 1:10-cv-1678, 2010 WL 2838404, at *2 (N.D. Ga. July 19, 2010) ("Two cases involve the same causes of action when there is a commonality in the nucleus of operative facts of the motion. . . . The causes of action are not required to be identical in both cases so long as there is the same nucleus of operative facts between the two cases.").

[Conner V, Doc. 10 at 8-9 (as modified herein)]. The District Judge's adoption of the report and recommendation in Conner V, a complaint that is identical in all material respects to the complaint before this court, only makes more evident that, at least as to the first, second and forth elements of the res judicata doctrine, Plaintiff McAdory-Connor's claims are barred. And, as argued by Defendant, the court also finds that the third element is established because "the parties to both actions, or those in privity with them, are identical . . . ." Brown, 2014 WL 4925719, at *6.

"Under res judicata, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." Montana v. United States, 99 S. Ct. 970, 973 (1979) (citations omitted). "A privy is one who is represented at trial and who is in law so connected with a party to the judgment as to have such an identity of interest that the party to the judgment represented the same legal right." Moreland v.

AO 72A

(Rev.8/8
2)

<u>Bank of New York Mellon, et al.</u>, 2015 WL 4274419, at \*\*3–5 (S.D. Ga. July 14, 2015) (applying Georgia law in res judicata analysis to determine whether state court judgment should be given effect in subsequent federal action and holding that privity is found between loan servicer and trustee in foreclosure context) (citation and internal quotation marks omitted).[15]  "'Privity' is a flexible legal term, comprising several different types of relationships and generally applying when a person, although not a party, has his interests adequately represented by someone with the same interests who is a party." <u>E.E.O.C. v. Pemco Aeroplex, Inc.</u>, 383 F.3d 1280, 1286 (11th Cir. 2004) (citation omitted).  As established by the prior litigation involving the Property and the instant complaint in this litigation, Plaintiff McAdory-Conner has done nothing more than substitute herself as plaintiff for Terrance Conner, contending that she has exactly the same interests in the Property and that she is harmed in the same manner as Conner

––––––––––––––––––––

[15] In <u>Moreland</u>, the court considered whether privity existed between the named party-defendants.  <u>See</u> <u>Moreland</u>, 2015 WL 4274419, at \*4.  Like the instant case, the plaintiff in <u>Moreland</u> contested foreclosure on numerous grounds.  <u>Id.</u>  The first case brought by Moreland only named SPS as a defendant while the second suit named SPS plus the Trustee, J.P. Morgan Chase Bank, and an individual.  <u>Id.</u>  Relying on <u>Bailey</u> and the notion of concurrent interest relative to the property, the district judge explained that, "SPS, the loan servicer, and Trustee, the loan holder, are plainly in privity with one another." <u>Id.</u> (citing <u>Bailey</u>, 2013 WL 820411, at \*3).  In other words, Moreland's inclusion of additional parties in his second action did not defeat application of res judicata.

AO 72A
(Rev.8/8
2)

by Defendant's actions.  Whatever Plaintiff McAdory-Conner's interests are in the Property, those interests were fully represented by Conner in the five prior lawsuits. Similarly, in an attempt apparently to avoid the effects of the prior dismissals of these claims, Plaintiff substituted Defendant Mr. Cooper for Nationstar but otherwise made the same allegations of fact regarding Defendant Mr. Cooper's alleged relationship to the Property and alleged misconduct giving rise to the causes of action as had been previously alleged against Nationstar.  The court finds that this final element of the doctrine of res judicata is satisfied and that Plaintiff McAdory-Conner's claims are barred.  Because Plaintiff's claims are barred by the doctrine res judicata, the court need not address whether the doctrine of collateral estoppel applies in this case.  See Citibank, N.A. v. Data Lease Financial Corp., 904 F.2d 1498, 1501 (11th Cir. 1990) (Where "claim preclusion does not apply to bar an entire claim or set of claims, the doctrine of collateral estoppel, or issue preclusion, may still prevent the relitigation of particular issues which were actually litigated and decided in a prior suit.").

If the District Judge finds that the court has subject matter jurisdiction over Plaintiff's claims, this court recommends dismissal with prejudice based on the doctrine of res judicata.

24

## IV.    Conclusion

Based on the foregoing reasons and cited authority, the undersigned **RECOMMENDS** that Defendant's Rule 12(b)(6) motion [Doc. 7] to dismiss Plaintiff's complaint [Doc. 1] be **GRANTED**.[16]

All pretrial matters have been concluded with the issuance of this Report and Recommendation in accordance with 28 U.S.C. § 636(b)(1), this Court's Local Rule 72.1, and Standing Order 14-01 (N.D. Ga. August 15, 2014).  The Clerk, therefore, is **DIRECTED** to terminate the reference to the Magistrate Judge.

**SO RECOMMENDED**, this 5th day of April, 2018.


JANET F. KING
UNITED STATES MAGISTRATE JUDGE

---

[16]Additionally, for the same reasons stated by Magistrate Judge Fuller in the report and recommendation in Conner V, the court would further recommend that the claims in the instant complaint be dismissed with prejudice for failure to state a plausible claim upon which relief can be granted.  [Conner V, Doc. 10 at 11-15].

25